UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
A. MORRISON TRUCKING, INC., :
:
                       Plaintiff, :
:
   - against - : Case No. 06-CV-767
: (NG)(RLM)
TEAMSTERS LOCAL 282, TEAMSTERS :
LOCAL 282 WELFARE, PENSION, ANNUITY, :
JOB TRAINING, AND VACATION SICK :
LEAVE TRUST FUNDS, :
:
                       Defendants. :
------------------------------------------------------------------x

## ANSWER

      Defendant Teamsters Local 282 ("Local 282"), by its attorneys, Cohen, Weiss and Simon LLP, respectfully answers the numbered paragraphs of the Complaint as follows:

      1.    Refers to the contents of the Complaint as and for its answer to the allegations in paragraph 1, and otherwise denies the allegations in paragraph 1.

      2.    Denies that Supreme Court, Kings County has jurisdiction over this action for the reasons set forth in Defendants' Joint Notice of Removal which was filed with this Court on February 22, 2006, and denies knowledge and information sufficient to form a belief as to whether the referenced operative events occurred within this judicial district.

      3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, except admits on information and belief that A. Morrison Trucking, Inc. is currently a domestic business corporation under New York law and is located in Brooklyn, New York.

      4.    Admits that Local 282 is an unincorporated association located in Lake Success, New York, and that Local 282 is chartered by the International Brotherhood of Teamsters. Declines to answer to the extent the allegations are directed to defendants Local 282

00088072.DOC.1

Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds (the "Funds") or to the International Brotherhood of Teamsters.

      5.      This paragraph sets forth a legal conclusion to which no response is required. To the extent that a response is required, the allegation in this paragraph is denied.

      (a)      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5(a), except admits on information and belief that plaintiff was incorporated in 1988, that plaintiff is a trucking company, and that plaintiff is located in Brooklyn, New York.

      (b)      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5(b) regarding plaintiff's employees, and otherwise respectfully refers the Court to the contents of the applicable collective bargaining agreement(s) between plaintiff and Local 282 for the contribution obligations of plaintiff.

      (c)      Admits that Eugene Boudon is a former business agent of Local 282, and denies that Boudon "held himself out as a business agent of the Funds." Admits that Boudon complained that plaintiff underreported the number of hours for which it owed contributions to the Funds.

      (d)      Denies knowledge and information sufficient to form a belief as to the allegations in paragraph 5(d).

      (e)      Admits that Local 282 on-site stewards are required to complete and submit to the Funds weekly reports, admits that Employers do not prepare such reports, admits that drivers sign such reports, and otherwise respectfully refers the Court to said reports for the contents thereof.

(f)     Declines to answer because the allegations are directed to the Funds, and otherwise denies the allegations in paragraph 5(f).

(g)     Declines to answer because the allegations are directed to the Funds, and otherwise denies the allegations in paragraph 5(g).

(h)     Declines to answer to the extent the allegations are directed to the Funds, and otherwise denies the allegations in paragraph 5(h).

(i)     Declines to answer to the extent the allegations concern an employee of the Funds and, thus, are directed to the Funds.

(j)     Denies the allegations in paragraph 5(j).

(k)     Denies the allegations in paragraph 5(k).

(l)     Denies the allegations in paragraph 5(l).

(m)    Admits that Local 282 picketed A. Morrison in the fall of 1999, and otherwise denies the allegations in paragraph 5(m).

(n)    Admits that Christine Anderson and Russell Hollander, a former partner of Cohen, Weiss and Simon LLP, had a telephone conversation on or about October 21, 1999, and otherwise denies knowledge and information sufficient to form a belief as to the allegations in paragraph 5(n).

(o)    Denies knowledge and information sufficient to form a belief as to the allegations in paragraph 5(o).

  (p) Denies knowledge and information sufficient to form a belief as to the allegations in paragraph 5(p).

  (q) Denies the allegations of paragraph 5(p), except admits that Local 282 picketed plaintiff at certain job sites where plaintiff was performing work.

  (r) Denies knowledge and information sufficient to form a belief as to the allegations in paragraph 5(r).

  (s) Denies knowledge and information sufficient to form a belief as to when Anderson received shop steward reports, and otherwise denies the allegations in paragraph 5(s).

  (t) Denies the allegations in paragraph 5(t).

  (u) Denies the allegations in paragraph 5(u).

  (v) Admits that or March 8, 2004 the Honorable Roanne L. Mann issued Findings of Fact and Conclusions of Law in *La Barbera v. A. Morrison Trucking, Inc.*, 00-CV-7218 (RLM), respectfully refers the Court to said document for the contents thereof, and otherwise denies knowledge and information sufficient to form a belief as to plaintiff's ability to pay any amounts awarded to the Funds in the referenced action.

  (w) Respectfully refers the Court to the contents of the Findings of Fact and Conclusions of Law in *La Barbera v. A. Morrison Trucking, Inc.*, 00-CV-7218 (RLM), as and for its answer to the allegations in paragraph 5(w).

  (x) Denies the allegations in paragraph 5(x).

6. Denies the allegations in paragraph 6.

7. Denies the allegations in paragraph 7.

8. Denies the allegations in paragraph 8.

9. Denies the allegations in paragraph 9

10. Restates its responses to paragraphs 1 to 9 as and for its answer to paragraph 10 as if fully incorporated herein.

11. Denies the allegations in paragraph 11.

### AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred by its failure to exhaust the grievance and arbitration procedure in the collective bargaining agreement(s) between plaintiff and Local 282.

4. Plaintiff's claims are barred by the doctrines of collateral estoppel and/or issue preclusion.

5. Plaintiff's claims are preempted by federal labor law pursuant to *San Diego Trades Council v. Garmon*, 359 U.S. 236 (1959).

6. Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

7. Plaintiff's claims are barred by the doctrine of laches.

8. Plaintiff's claims are barred by the doctrine of unclean hands.

9. Plaintiff's claims are barred by the doctrine of estoppel.

10. Local 282 reserves the right to raise other affirmative and other defenses that may subsequently become or appear applicable to some or all of plaintiff's claims.

WHEREFORE, having fully answered the Complaint, defendant Teamsters Local 282 seeks a judgment dismissing the Complaint in its entirety and awarding it attorney's fees and costs incurred in connection with this action, and such other relief in favor of defendants as the Court deems appropriate.

Dated: New York, New York
      March 13, 2006

Respectfully submitted,

*Elizabeth O'Leary*
Bruce S. Levine (BL 2309)
Elizabeth O'Leary (EO 9323)
Cohen, Weiss and Simon LLP
330 West 42nd Street
New York, NY 10036

Attorneys for Defendant Teamsters Local 282

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
A. MORRISON TRUCKING, INC.,

                          Plaintiff,

    - against -                          Case No. 06-CV-767
                                        (NG)(RLM)

TEAMSTERS LOCAL 282, TEAMSTERS
LOCAL 282 WELFARE, PENSION, ANNUITY,
JOB TRAINING, AND VACATION SICK
LEAVE TRUST FUNDS,

                        Defendants.
-----------------------------------------------------------------X

## CERTIFICATE OF SERVICE

       I, Elizabeth O'Leary, an attorney admitted to practice in the courts of the State of New York and in the United States District Courts for the Southern and Eastern Districts of New York, do hereby certify, under the penalties of perjury, that on March 13, 2006, I caused a true and correct copy of the Answer of Teamsters Local 282 to be served by first class mail upon counsel for Plaintiff at:

        Ambrose W. Wotorson, Jr.
        26 Court Street
        Suite 1811
        Brooklyn, NY 11242

and by first class mail upon counsel for Defendants Teamsters Local 282 Trust Funds at:

        Nathan V. Bishop
        Friedman & Wolf
        1500 Broadway, Suite 2300
        New York, NY 10036

Dated: New York, New York
      March 13, 2006

*Elizabeth O'Leary*
Elizabeth O'Leary (EO 9323)
Cohen, Weiss and Simon LLP
330 West 42nd Street
New York, NY 10036

Attorneys for Defendant Teamsters Local 282